# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LANDROUS COX,

    **Plaintiff,**

    **v.**                                      **Case No. 25-CV-1466-SCD**

**MILWAUKEE COUNTY SHERIFF'S DEPARTMENT** and
**MILWAUKEE COUNTY PERSONNEL BOARD,**

    **Defendants.**

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

The Milwaukee County Sheriff's Office fired Landrous Cox in 2020 because, in its view, he was no longer fit for duty as a courthouse security officer. After the Milwaukee County Personnel Review Board upheld the termination, Cox filed an administrative claim alleging that the sheriff's office had discriminated against him on account of his disability (a herniated disc) and retaliated against him for complaining about workplace discrimination. The state administrative agency dismissed the claim following a hearing. Cox then turned to federal court for relief, filing an employment-discrimination complaint against the sheriff's office and the personnel review board. Cox served the complaint 76 days after filing it. But he did not include a summons with the complaint, and he attempted to serve the review board by leaving a copy of the complaint with the county's clerk's office.

The defendants have moved to dismiss the complaint, arguing that they were not properly served, that Cox did not complete Wisconsin's administrative review process concerning the personnel review board, and that the complaint fails to satisfy federal pleading

standards. Although Cox failed to perfect service within the time required by the federal rules, I find that a permissive extension of that deadline is warranted in this case. Cox, however, abandoned his challenge to the review board's decision and failed to include sufficient factual allegations in his complaint. Accordingly, I will grant in part and deny in part the defendants' motion. Because the service and pleading defects are potentially curable, I will give Cox a chance to file an amended complaint and serve that amendment on the sheriff's office.

## BACKGROUND

Cox started working as a juvenile correction officer for the sheriff's office in 2012. *See* Am. Comp. Ex. 1, ECF No. 2-1. After injuring his back while breaking up a fight at the correctional center, Cox transferred to a security officer position at the Milwaukee County Courthouse. A few months into that job, Cox complained to HR about being overworked. The sheriff's office investigated the complaint, and in May 2020, it filed written charges with the county's personnel review board seeking Cox's discharge, claiming he was unable to perform his assigned duties. Following a hearing, the review board sustained the charges and terminated Cox's employment on June 2, 2020.

In September 2020, Cox filed a claim of employment discrimination with the State of Wisconsin Equal Rights Division, alleging disability discrimination and retaliation in violation of the Wisconsin Fair Employment Act. *See* Lawrence Decl. Ex. 7, ECF No. 16-7. The claim was cross-filed with the U.S. Equal Employment Opportunity Commission. *See id.* at 5. Cox later filed an amended claim that added allegations of discrimination based on race, color, sex, and sexual orientation. *See* Am. Compl. Ex. 1, at 12. The Equal Rights Division issued a preliminary determination finding that the new allegations were untimely. That determination was upheld by an administrative law judge. *See id.* at 13. An ALJ also found

2

that Cox had failed to establish probable cause that the sheriff's office discriminated or retaliated against him in violation of the Wisconsin Fair Employment Act. *See id.* at 12–18. It appears Cox did not appeal the ALJ's decision. On June 27, 2025, Cox received a letter from the EEOC indicating that he had 90 days to file suit in federal court. *See* Am. Compl., at 5, ECF No. 2; *see also* Am. Compl. Ex. 2, ECF No. 2-2.

Proceeding without a lawyer, Cox filed a federal complaint against the sheriff's office the day before the 90-day deadline expired. *See* Compl., ECF No. 1. The following day, he filed an amended complaint that added the personnel review board as a defendant. *See* Am. Compl., at 1–2. The matter was randomly assigned to me, and all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 6 & 9. On January 7, 2026, the defendants moved to dismiss the amended complaint under Rule 12 of the Federal Rules of Civil Procedure. *See* Defs.' Mot., ECF No. 12.

## DISCUSSION

The defendants first argue that the court lacks personal jurisdiction over them because Cox failed to serve either defendant with a summons and because Cox did not properly serve the personnel review board. *See* Defs.' Br., at 2–3, ECF No. 13 (citing Fed. R. Civ. P. 12(b)(2), (4), and (5)). "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). "After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (citing Fed. R. Civ. P. 4(b), (c)(1)). "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without

3

prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The court can also "exercise its discretion to grant the plaintiff a time extension in which to effect service" "absent a showing of good cause." *Hurst v. Names Unknown*, 42 F. App'x 895, 896–97 (7th Cir. 2002) (citing Fed. R. Civ. P. 4(m); *Henderson v. United States*, 517 U.S. 654, 662 (1996); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996)).

Cox did not strictly comply with Rule 4. Although he submitted an affidavit of service indicating that the defendants were served with a summons and a copy of the complaint, *see* Aff., ECF No. 4, the defendants swear that they received the complaint (and its exhibits) but no summons, *see* Yu Decl. ¶¶ 4–6, ECF No. 14; Christenson Decl. ¶¶ 8–10, ECF No. 15. The affidavit also indicates that service as to the personnel review board was made on an agent of the Milwaukee County clerk's office. *See* Aff., at 2.[1] But the review board is a separate and distinct "body politic," *see* Wis. Stat. § 801.11(4)(a)(7), so service on the clerk's office was improper.

Because Cox failed to perfect service within 90 days of filing his amended complaint, this action must be dismissed unless he can demonstrate good cause for his failure or I grant a permissive extension of time. *See Hurst*, 42 F. App'x at 896–97. In deciding whether to grant an extension, district courts consider various factors, including "whether the applicable statute of limitations would bar refiling the case and whether the defendant evaded service or concealed a defect in attempted service." *Id.* at 897 (citing Fed. R. Civ. P. 4(m), advisory committee's note to 1993 amendment; *Panaras*, 94 F.3d at 341). "Other relevant factors

---

[1] It appears the process server Cox hired knocked on the wrong door at the county courthouse.

4

include prejudice to the defendant, and whether defendants received actual notice of the lawsuit within a short time after the attempted service." *Id.* (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)).

A permissive extension is warranted in this case. The fact that Cox is proceeding without a lawyer does not excuse his failure to comply with procedural rules. *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Nevertheless, the defendants acknowledge that they received actual notice of this lawsuit a short time after it was filed, and they have not claimed any prejudice from Cox's failure to include a summons with a copy of his amended complaint. Also, without an extension, Cox would forever lose his ability to challenge the defendants' allegedly discriminatory conduct, as the statute of limitations on his claims has now run. Given those circumstances—as well as "the preference for resolving cases on their merits," *Coleman*, 290 F.3d at 936 (Evans, J., dissenting)—I will not dismiss the amended complaint for failure to timely perfect service.

The defendants also argue that the court lacks subject-matter jurisdiction over any claims against the personnel review board because Cox did not complete Wisconsin's administrative review process. *See* Defs.' Br., at 3–4 (citing Fed. R. Civ. P. 12(b)(1)). The review board "is authorized under state laws and county ordinances to adjudicate matters that relate to the discipline and discharge of county employees." *Webster v. Milwaukee County*, 731 F. Supp. 2d 837, 843 (E.D. Wis. 2010) (citing *State ex rel. Milwaukee Cnty. Pers. Rev. Bd. v. Clarke*, 2006 WI App 186, ¶ 34, 723 N.W.2d 141, 149). "Although the decision of the [review board] is considered final, . . . '[i]t is well established in this state that where there are no statutory provisions for judicial review, the action of a board or commission may be reviewed by way

5

of certiorari.'" *Id.* (quoting *State ex rel. Iushewitz v. Milwaukee Cnty. Pers. Rev. Bd.*, 500 N.W.2d 634, 635 (Wis. 1993)).

Cox did not respond to the defendants' argument that he failed to challenge the personnel review board's decision in state court. *See* Pl.'s Resp., ECF No. 23. Thus, he has waived or forfeited the issue. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Because Cox did not complete the state administrative review process, he cannot pursue his claims against the review board in federal court.[2]

Finally, the defendants argue that the amended complaint fails to state a claim for relief. *See* Defs.' Br., at 4–6 (citing Fed. R. Civ. P. 12(b)(6)). A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see also* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court "must accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them." *Id.* at 1520–21 (quoting *Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990)). A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The amended complaint does not satisfy the liberal pleading standard of Rule 8. Cox does not provide *any* facts within the "Statement of Claim" section of the form complaint. *See* Am. Compl., at 4–5. Instead, he checked boxes generally describing the type of

---

[2] It's also worth noting that Cox was employed by sheriff's office, not the review board.

discriminatory conduct he allegedly endured while working for the sheriff's office, and he references three administrative documents: the Equal Rights Division's initial determination regarding his 2018 administrative claim, Cox's closing argument before the ALJ for the 2020 claim, and the ALJ's 2025 decision. (Cox attached those documents to his amended complaint. *See* Am. Compl. Ex. 1.) Cox says that those documents provide the facts of his case. *See* Pl.'s Resp., at 8–11. But "judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). While the complaint can refer to exhibits or other materials, "the factual predicates for a claim must be put forth in the complaint so that a defendant can admit or deny them." *Watford v. Ellis*, No. 3:15-cv-00567-JPG, 2015 WL 3756499, 2015 U.S. Dist. LEXIS 78592, at *4 (S.D. Ill. June 16, 2015). By not including those factual predicates within the body of the amended complaint, Cox has failed to give the defendants fair notice of the grounds upon which his claims rest.

In his response brief, Cox requests leave to file a second amended complaint should the court find the amended complaint lacking. *See* Pl.'s Resp., at 12–13. Because Cox has already amended his complaint once, he may amend his pleading again "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). "Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including: 'undue delay, bad faith[,] . . . dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)).

7

The defendants oppose Cox's request to amend for two general reasons. First, the defendants insist that leave to amend should be denied because of undue delay and repeated failures to cure deficiencies. *See* Defs.' Reply, at 4, ECF No. 27. According to the defendants, Cox has been unable to articulate a claim that satisfies the requirements of Rule 8 in any of the four administrative claims he's filed against Milwaukee County. But those administrative claims were not subject to federal civil procedure rules, and the defendants' own supporting documents show that Cox voluntarily withdrew the three previous claims so he could add a claim for termination, which didn't occur until spring 2020, *see* Lawrence Decl. Exs. 1–6, ECF Nos. 16-1 through 16-6. The prior claims were not dismissed due to any pleading deficiencies. Moreover, Cox had a hearing on his most recent claim in September 2024, *see* Am. Compl. Ex. 1, at 13; the ALJ issued his unfavorable decision in February 2025, *see id.* at 12–19; and Cox timely filed his federal complaint in September 2025, *see* Compl.; Am. Compl. Ex. 2. In other words, there was no undue delay, let alone any resulting prejudice to the defendants. *See Dubicz*, 377 F.3d at 792 ("Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." (quoting *Park*, 297 F.3d at 613)).

Second, the defendants insist that leave to amend should be denied because the statute of limitations has run on Cox's claim under Title VII of the Civil Rights Act of 1964. *See* Defs.' Br., at 5–6; Defs.' Reply, at 4–6. "In order to bring a Title VII action in federal court, a Wisconsin plaintiff must file a charge of discrimination with the EEOC or the state Equal Rights Division . . . within 300 days 'after the alleged unlawful employment practice occurred.'" *Ferrill v. City of Milwaukee*, 295 F. Supp. 2d 920, 923 (E.D. Wis. 2003) (quoting 42

8

U.S.C. § 2000e-5(e)). Cox alleges discrimination beginning on October 25, 2017, and lasting through his termination on May 19, 2020. *See* Am. Compl., at 4. The Equal Rights Division found Cox's allegations regarding discrimination based on race, color, sex, and sexual orientation to be untimely, *see* Am. Compl. Ex. 1, at 12, a finding Cox does not appear to contest. Thus, Cox's claims under Title VII are time-barred and cannot be revived via amendment.

Nevertheless, the defendants ignore that Cox does not seek relief under only Title VII; he also asserts claims of discrimination and retaliation under the Americans with Disabilities Act of 1990.[3] *See* Am. Comp., at 3–4; *see also* Pl.'s Resp., at 10. Disability discrimination was the sole claim Cox alleged in his original 2020 administrative complaint, *see* Lawrence Decl. Ex. 7; was the sole claim the ALJ addressed on the merits, *see* Am. Compl. Ex. 1, at 12–18; and was the sole basis for the EEOC's right-to-sue letter, *see* Am. Compl. Ex. 2. Indeed, the defendants concede that "[t]he only matter that would have been timely before this Court relates specifically to Plaintiff's termination from County employment on June 2, 2020 – the only allegations asserted in his complaint filed with the Equal Employment Opportunity Commission for which he received a Determination and Notice of Rights." Defs.' Br., at 5–6. Because Cox's ADA claims are not time-barred, giving him another chance to amend would not be futile.

---

[3] Cox also attempts to assert claims under the Equal Pay Act, the Wisconsin Fair Employment Act, and the Milwaukee County Equal Opportunity Ordinance. *See* Am. Compl., at 3. However, the documents attached to the amended complaint do not even hint at discriminatory pay, *see* Am. Compl. Ex. 1, at 1–21, and it appears there's no private cause of action under either the state employment act or the county ordinance, *see Staats v. County of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000) ("[T]he Equal Rights Division was the exclusive forum in which Staats could bring his WFEA claims: the WFEA does not create a private right of action, and Staats therefore could not assert his WFEA claims in state or federal court."); Milwaukee Cnty. Admin. Manual of Operating Procs., § 02.04.01 (explaining that "Employees who violate [the equal employment opportunity] policy are subject to corrective action, up to and including termination of employment").

9

**CONCLUSION**

In sum, while Cox failed to timely perfect service, dismissal on that ground is not warranted in this case, and many of Cox's pleading deficiencies can be cured by re-pleading. Accordingly, for all the foregoing reasons, the court **GRANTS in part** and **DENIES in part** the defendants' motion to dismiss amended complaint, ECF No. 12. The court **dismisses** the claims asserted against the Milwaukee County Personnel Review Board and **dismisses** Cox's claims under Title VII of the Civil Rights Act.

Cox may have until twenty-one days after he receives this decision and order to file a second amended complaint against the Milwaukee County Sheriff's Office. If Cox files another amended complaint, it will replace the prior complaints, and it must be complete without reference to them. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021) (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004)). The clerk of court shall provide Cox a copy of the form complaint for employment discrimination, as well as another service packet (minus the consent form). The court notes that "[t]he pleading requirement for employment-discrimination claims is minimal." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017). Cox "need only identify the type of discrimination, when it occurred, and by whom." *Id.* (collecting cases). If he fails to timely file a second amended complaint, I may dismiss this action for failure to prosecute.

**SO ORDERED** this 7th day of May, 2026.

STEPHEN C. DRIES
United States Magistrate Judge

10